**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re:<br><br>Kyle Andrew Waid,<br><br>Debtor. | Case No. 24-32819<br><br>Chapter 13 |

This case is before the court on the motion of New American Funding, LLC for relief from the automatic stay imposed by 11 U.S.C. § 362(a). Pursuant to the agreement of the parties, the Debtor is delinquent $11,877.07, which includes breakdown as follows

| | |
|---|---|
| October 1, 2025 - February 1, 2026<br>5 payments @ $2,105.17 | $10,525.85 |
| Less partial payments (suspense balance) | ($197.78) |
| Attorney Fees and Costs | $1,549.00 |
| TOTAL: | $11,877.07 |

Further, pursuant to the agreement of the parties,

1. The Debtor agrees to pay New American Funding, LLC the sum of $2,000.00 by certified funds on or before February 3, 2026. The Debtor agrees to send the payment to:

   New American Funding, LLC
   P.O. Box 170581
   Austin, TX 78717

2. The Debtor agrees to pay the remaining balance of $9,877.07 by certified funds, directly to New American Funding, LLC as follows: Beginning March 15, 2026, through October 15, 2026, in the amount of $1,097.45. Then on or before November 15, 2026, in the amount of $1,097.47 to cure the remaining default.

3. The Debtor agrees to pay the regular monthly post-petition mortgage payment to New American Funding, LLC commencing on March 1, 2026 and all subsequent payments when due for the life of the bankruptcy.

4. In the event that the Debtor fails to make any of the above payments as and when due, New American Funding, LLC may be entitled to seek relief from stay by filing and serving an affidavit of default as set forth below.

5. In the event that the Debtor fails to make any of the above payments as and when due, Movant or its counsel shall serve upon the Debtor and the Debtor's attorney a Notice of Default indicating the amount of default and stating that unless default is cured within ten (10) days after service of the Notice of Default by U.S. Mail, Movant shall apply for relief

from the automatic stay *ex parte*. If a Notice of Default becomes necessary, Movant will be entitled to $125.00 as compensation for attorney fees incurred for the notice.

6. In the event that the Debtor does not cure the default in accordance with the Notice of Default, Movant or its counsel shall provide the court with an Affidavit. The Affidavit shall state that service of the Notice of Default was sent to the Debtor and the Debtor's attorney, and that the Debtor failed to cure the default within ten (10) days after service by of the Notice of Default by U.S. Mail. Upon the filing of the Affidavit by Movant or its counsel, Movant may be granted an order lifting the automatic stay *ex parte*.

7. The Debtor is not allowed more than three defaults of this Order, and upon a fourth default, Movant or its counsel may file an Affidavit, without serving a Notice of Default giving the Debtor an opportunity to cure the default, establishing the Debtor's default and that it is the fourth such default, and the court may enter an order *ex parte* terminating the automatic stay.

8. In the event that this case converts to a Chapter 7 bankruptcy, a breach of agreement will have occurred, and upon filing an affidavit that the loan is not paid current contractually, Movant may be entitled to an *ex parte* order for relief from the stay without further notice.

9. In the event that the Debtor is discharged or the case is dismissed as to the Debtor, the terms of this Order shall cease to be effective.

IT IS ORDERED: The motion is denied. As to any paragraph allowing relief without notice, the Court will not enter any *ex parte* orders without at least three business days' notice.

Dated: February 4, 2026

s/ William J. Fisher

William J. Fisher
United States Bankruptcy Judge